**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                       Case No. 09-CR-20280

FATIMA HOUSSEIN TOUFAILI,

    Defendant.

_____/

**ORDER STRIKING DEFENDANT'S "MOTION TO QUASH"
AND "MOTION FOR REIMBURSEMENT"**

On March 3, 2010, the Clerk of the Court docketed two motions which were filed *pro se* by Defendant Fatima Houssein Toufaili: a "Motion to Quash" and a "Motion for Reimbursement." The court will strike the *pro se* motion because, at the time of the filing, Defendant was represented by counsel who is responsible for all filings.

Defendant is not entitled to represent herself while simultaneously represented by counsel. A criminal defendant has the right to appear *pro se* or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive, thus a party may chose *either* to represent herself or to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-

representation and representation by counsel.  A person represented by counsel must rely upon that counsel.  *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269-70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024-25 (10th Cir. 1975); *Move Org. v. City of Phila.*, 89 F.R.D. 521, 523 n.1 (E.D.Pa.1981); *United States ex rel. Snyder v. Mack*, 372 F.Supp. 1077, 1078-79 (E.D.Pa.1974); *cf. Storseth v. Spellman*, 654 F.2d 1349, 1352-53 (9th Cir. 1981) (once counsel is appointed, prisoner has no right to assistance from inmate writer).  In the absence of extraordinary circumstances, the court will accept only those motions filed by Defendant's attorney of record.

Finally, the court's chambers staff recognizes these two documents as identical to those previously sent directly to chambers by Defendant.  On February 25, 2010, the court's staff forwarded those documents to Defendant's newly-appointed attorney, Joan Morgan, (providing copies to the Government) with clear instruction to counsel that she must instruct the Defendant that she must proceed only through her attorney and that she cannot make any further attempt to communicate *ex parte* or otherwise influence the presiding judge.  The court's staff cautioned Defendant, through her counsel, that "additional attempts to improperly circumvent counsel" could result in a finding of contempt or other sanction.  The court presumes that counsel did as the court directed.  One week after the court forwarded these papers to Ms. Morgan for her disposition, Defendant caused them to be filed.[1]  It therefore appears that Defendant is electing to

---

[1] The court's staff has reported that the physical description of the woman personally presenting the papers at the Clerk's Office for filing was not that of the Defendant.

disregard the court's instruction.

Defendant is now specifically warned by this court that any additional attempt to improperly circumvent her attorney in an effort to communicate with or influence this court will generate an order to show cause why she should not be held in contempt of court and be remanded to custody pending resolution of this case. Accordingly,

IT IS ORDERED that Defendant's March 3, 2010, "Motion to Quash" and "Motion for Reimbursement" [Dkt. ## 24 & 25] are STRICKEN from the docket of this court.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: March 5, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 5, 2010, by electronic and/or ordinary mail.

      s/Deborah J. Goltz
      DEBORAH J. GOLTZ
      Case Manager