**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                         Case No. 09-CR-20280

FATIMA HOUSSEIN TOUFAILI,

    Defendant.
_____/

**ORDER STRIKING AFFIDAVIT OF ALI HUSSEIN DARWICH**

On March 29, 2010, the Clerk of the Court docketed an affidavit filed by Ali Hussein Darwich. In his affidavit, Mr. Darwich makes various statements and accusations, none of which have been asserted by Defendant Fatima Toufaili herself, and affirmatively requests to be subpoenaed as a witness at Defendant's trial. Darwich purports to be acting in the interest of Defendant, but he is not a party in this criminal action, nor is he an attorney representing Defendant. As indicated in the court's March 5, 2010 order, Defendant is represented by Attorney Joan Morgan and must proceed through that attorney.

The federal and local rules provide mechanisms by which *parties* may file seek relief from the court. *See* Fed. R. Crim. P. 47 (setting forth the procedures by which a "party" may file motions); Fed. R. Crim. P. 49 (addressing the service and filing of papers by a "party"). Darwich is not a party in this action and has not identified any basis for standing to file a pleading on behalf of or in support of Defendant. Further, the federal and local rules set forth the procedure by which parties can file *motions* seeking

appropriate relief. *See* Fed. R. Crim. P. 49 (stating a paper must be filed as provided in civil actions); Fed. R. Civ. P. 7 (defining what types of pleadings are allowed, and that any request for court order must be made by motion); E.D. Mich. LR 7.1 (setting forth the motion requirements). Even if Darwich had standing to file a motion, his affidavit is not in compliance with these rules. Further, while the rules provide a mechanism for a nonparty to challenge an issued subpoena, they do not allow an individual to file a motion requesting to testify. *See* Fed. R. Crim. P. 17. Deciding who to subpoena is a decision which rests firmly in the discretion of defense counsel. *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987) (A decision "whether to call any witnesses on behalf of the defendant, and if so which witnesses to call, is a tactical decision of the sort engaged in by defense attorneys in almost every trial.").

Inasmuch as strangers to a litigation have no standing to file random affidavits (which themselves are not in compliance with the relevant rules) on someone else's docket,

IT IS ORDERED that the March 29, 2010 affidavit filed by Ali Hussein Darwich [Dkt. # 27] is STRICKEN from the docket of this court.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 9, 2010, by electronic and/or ordinary mail.

      s/Lisa Wagner
      LISA G. WAGNER, Case Manager to
      Judge Robert H. Cleland